UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, and THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, TRUSTEES OF THE MARBLE INDUSTRY PENSION FUND, THE MARBLE INDUSTRY ANNUITY FUND, and THE MARBLE INDUSTRY TRUST FUND,

      Plaintiffs,

  -against-

CASTLE STONE AND TILE, INC. and CATHEDRAL STONE & TILE CO., INC.,

      Defendants.

**ORDER**
**17-CV-3187 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs, trustees for various labor-management funds,[1] brought this action against Defendants Castle Stone and Tile, Inc. and Cathedral Stone & Tile Co., Inc., asserting claims under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of

---

[1] Plaintiffs are Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, and the Tile Layers Local Union 52 Pension Fund; Trustees of the Bricklayers & Trowel Trades International Pension Fund; Trustees of the International Masonry Institute; and Trustees of the Marble Industry Pension Fund, the Marble Industry Annuity Fund, and the Marble Industry Trust Fund.

1

the Labor Management Relations Act of 1947, 29 U.S.C. § 185. (*See* Am. Compl. (Dkt. 39).) The court conducted a one-day bench trial and recently issued its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). *See Trs. of Loc. 7 Tile Indus. Welfare Fund v. Castle Stone & Tile, Inc.*, No. 17-CV-3187 (NGG) (RER), 2022 WL 2063267 (E.D.N.Y. June 8, 2022) (Dkt. 73).

Plaintiffs established that Castle and Cathedral constitute a single employer and single bargaining unit and that Castle and Cathedral are alter egos of one another. *See id.* at *7-10. As a result of their single employer/alter ego status, Cathedral is bound to the Castle-signed CBAs, and Defendants are jointly and severally liable for their delinquent benefit contributions, interest, liquidated damages, audit costs, and attorneys' fees. *See id.* at *10. Plaintiffs also satisfied their burden to establish damages by sufficiently explaining how (and based on what materials) they estimated the alleged delinquency amounts owed by Castle and Cathedral. *See id.* at *14-15. "In other words, the court accept[ed] Plaintiffs' proposed methodology to determine Defendants' contribution delinquency." *Id.* at *15.

Plaintiffs requested damages and costs of $4,236,138.61. (*See* Pls.' Renewed Mot. (Dkt. 80) at 2.) As explained in the decision, however, Plaintiffs' trial and posttrial submissions concerning damages suffered from significant defects. *See Castle Stone & Tile, Inc.*, 2022 WL 2063267, at *15-17. Accordingly, judgment was reserved on awarding Plaintiffs damages, costs, and fees subject to recalculation in accordance with the instructions detailed in that decision. *See id.* at *16. The court thus directed Plaintiffs "to resubmit a detailed accounting clearly breaking down their calculations," reiterating that "Plaintiffs must do—and show—their work before any judgment for damages is granted." *Id.*

Plaintiffs heeded these instructions and submitted a clear, thorough calculation that supports both Castle's and Cathedral's delinquent contributions, interest, liquidated damages, and audit costs. (*See generally* Pls.' Renewed Mot. at 3-21; Sarosy Decl. (Dkt. 77); Gonzalez Decl. (Dkt. 78); Harras Decl. (Dkt. 79).) Plaintiffs' renewed application requests damages of $2,082,630.94—about $2 million less than the original ask.[2] The requested award breaks down as follows: delinquent contributions: $1,222,539.85;[3] interest: $641,605.08;[4] liquidated damages: $212,406.01;[5] and audit costs: $6,080.[6] Plaintiffs' renewed application for damages addresses each issue raised in the Findings of Fact and Conclusions of Law. (*See* Pls.' Renewed Mot.

---

[2] This delinquent contribution amount includes revised (narrowed and better supported) subcontractor-related damages of $160,509.97 based on a theory of contractual compensatory damages. *See Trs. of Local 7 Tile Indus. Welfare Fund v. All Flooring Solutions, LLC*, No. 19-CV-126 (ENV) (RLM), 2020 WL 9814088, at *7 (E.D.N.Y. Feb. 12, 2020); (Sarosy Decl. ¶¶ 79-89). But this amount does not include interest or liquidated damages related to subcontractors because Plaintiffs apply a 10% and 15% interest rate rather than the directed 9% rate, *see Castle Stone & Tile, Inc.*, 2022 WL 2063267, at *16 n.18, and Plaintiffs wrongly assess liquidated damages.

[3] Plaintiffs, as directed, removed delinquencies from non-fringe benefit, non-Plaintiff funds from the revised submission. (*See* Pls.' Renewed Mot. at 3-7.)

[4] Plaintiffs, as directed, applied a simple interest formula. (*See id.* at 9-10.) In addition, Plaintiffs provided sufficient support to apply the 15% interest rate for both the Tile and Marble international funds. (*See id.* at 9-11.)

[5] Plaintiffs, as directed, applied a consistent liquidated damages formula for both the Tile and Marble funds. (*See id.* 11-12.)

[6] The court considers the originally requested audit costs of $6,080 rather than the renewed request for $6,160. (*Compare* Pls.' First Mot. (Dkt. 67) at 28, *with* Pls.' Renewed Mot. at 21-22.) The auditors billed their work at $80 per hour. (*See* Sarosy Decl. ¶ 33.) The court finds these audit costs reasonable. *See, e.g., Trs. of Local 7 Tile Indus. Welfare Fund v. AM Tile Specialty Constr.*, No. 19-CV-1809 (RPK) (SJB), 2020 WL 7034025, at *11 (E.D.N.Y. Sept. 23, 2020), *report and recommendation adopted*, 2020 WL 7021646 (E.D.N.Y. Nov. 30, 2020).

at 2-21.) Accordingly, for reasons discussed in that decision, Plaintiffs' application for damages in the amount of $2,082,630.94 is GRANTED. *See Castle Stone & Tile, Inc.*, 2022 WL 2063267, at *10-15.[7]

Plaintiffs also renewed their application for attorneys' fees and costs of $230,590.58. Relying on their prior submission, (*see* Pls.' Renewed Mot. at 18-19), Plaintiffs assert that this figure represents 743.8 hours of work billed at hourly rates for partners at $300 per hour in 2017 and $350 per hour from 2018 to 2021; for associates at a rate of $200 in 2017 and $265 in 2018; and for legal assistants at a rate of $90 in 2017 and $115 per hour in 2018-2021. (*See* Pls.' Reply (Dkt. 70) at 10; Harras Reply Decl. (Dkt. 71) ¶¶ 5-14.)

Alas, those hourly rates are inaccurate as applied. Plaintiffs' contemporaneous time records demonstrate that three associates, Nicole Marimon (or "NM"), Paige Davis (or "PD"), and Louis Leon (or "LL") billed at $265 per hour in 2017 for the Tile funds. (*See, e.g.*, Tile Billing Records (Dkt. 71-1) at 1-8.) Similarly, a partner, Martin Fojas (or "MF"), billed at $350 per hour in 2017. (*See, e.g., id.* at 4-7.) And a legal assistant, Maura Moosnick (or "MM"), billed at $115 per hour in 2017. (*See id.*) These inaccuracies were obvious from the first page of the Tile billing records. (*See id.* at 1.) The Marble records, at least, do accurately reflect the billing rates presented to the court. (*See generally* Marble Billing Records (Dkt. 71-2).)

As a result, the court must once again reserve judgment on attorneys' fees. First, rather than providing a lump sum of hours worked (*i.e.*, 743.8), Plaintiffs are DIRECTED to submit updated

---

[7] Even after Defendants' near-complete failure to produce evidence to rebut Plaintiffs' proposed damages (both at and after trial), *see Castle Stone & Tile, Inc.*, 2022 WL 2063267, at*14-15, Defendants have declined the opportunity "to provide Plaintiffs with additional information to permit a more accurate damages calculation," *id.* at *18.

4

Tile and Marble billing records that separately break down hours worked by partner, associate, and legal assistant. Second, Plaintiffs may then apply the hourly rates presented to the court and described above, which, based on the detailed records and favorable result for Plaintiffs—achieved after motion practice, a bench trial, and posttrial briefing (as opposed to default judgment)—the court finds reasonable.[8] *See, e.g., Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Concrete Bros. Constr. LLC*, No. 20-CV-2196 (JGK), 2020 WL 3578200, at *4 (S.D.N.Y. July 1, 2020); *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp.*, No. 19-CV-5411 (ALC), 2020 WL 614740, at *3 (S.D.N.Y. Feb. 10, 2020).

Separately, the court finds the supported and unopposed costs of $7,297.08 both reasonable and compensable. (*See* Harras Reply Decl. ¶¶ 5-6, 15; Tile Billing Records at 50-51; Marble Billing Records at 36-37); *see also, e.g., Trs. of Pavers & Road Builders Dist. Counsel Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. Genrus Corp.*, No. 18-CV-4232 (AMD) (CLP), 2019 WL 4604972, at *9 (E.D.N.Y. Sept. 6, 2019), *report and recommendation adopted*, 2019 WL 4602880 (E.D.N.Y. Sept. 23, 2019). Because of the hourly-rates error, however, decision on Plaintiffs' renewed application for attorneys' fees and costs is RESERVED subject to revision.

\*   \*   \*

---

[8] This reasonableness finding also accounts for the quality of the renewed damages submission, which Plaintiffs, as directed, did not include in their attorneys' fees. (*See* Harras Decl. ¶ 55.)

For the reasons discussed above, Plaintiffs' renewed application for damages is GRANTED. Judgment is therefore GRANTED in favor of Plaintiffs in the amount of $2,082,630.94 against Defendants Castle Stone and Tile, Inc. and Cathedral Stone & Tile Co., Inc.

Decision is RESERVED as to Plaintiffs' application for attorneys' fees and costs subject to recalculation. Plaintiffs are DIRECTED to file a revised calculation by Wednesday, August 10, 2022.

SO ORDERED.

Dated:   Brooklyn, New York
         August 2, 2022

                                        s/Nicholas G. Garaufis
                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge